**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 13 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHANE WARD                                                                PLAINTIFF

VS.                         CASE NO. 4:16-cv-257-BSM

MASTER CUTLERY, LLC                                                DEFENDANT

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT

Comes now the Plaintiff, Shane Ward, by and through his attorney, Floyd A. Healy, and for his Complaint for Design Patent Infringement against the Defendant, Master Cutlery, LLC., states:

1. That Plaintiff is a resident of the State of Arkansas. Plaintiff resides in Saline County, Arkansas and has so resided for twelve years.

2. Plaintiff is the owner of all rights, title, and interest to U.S. Design Patent number D721, 557S, hereinafter referred to as '557 Patent'. Said patent was awarded to the Plaintiff on January 27, 2015.

3. That Defendant is an LLC with its principal place of business located in Secaucus, New Jersey. It is engaged in the development, manufacture, and distribution of knives, multi purpose tools, and various other items. Defendant is engaged in national and international trade and conducts business primarily through mail order shippings/internet. Defendant may be served with process in accordance with Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

4. This claim arises under the United States patent laws, 35 U.S.C. § 1, *et seq.*

This case assigned to District Judge Miller
and to Magistrate Judge Deere

1

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  That Master Cutlery, LLC has regularly engaged in business in this state and district and purposely availed itself of the privileges of conducting business in this district, for example, by offering for sale, selling, and importing various knife products and tool products throughout the United States and including the State of Arkansas. Defendant is also engaged in the activities of offering for sale and setting a product known as the Survivor X-23. This activity infringes upon the Plaintiff's ' 557 patent. Accordingly, this Court has personal jurisdiction over Master Cutlery LLC.

6.  Venue is proper in this district and division under 28 U.S.C. §§ 1391 and 1400. Master Cutlery LLC does business, has infringed, and continue to infringe the Plaintiff's patent within this district and division.

## FACTUAL BACKGROUND

7.  On January 27, 2015, after and full and fair examination, the United States Patent and Trademark office duly and legally issued U.S. D721,557 S to the Plaintiff Shane Ward. A true and correct copy of the ' 557 patent is attached hereto marked Exhibit "A" and incorporated herein by reference. Since its issuance, the Plaintiff's patent has been in full force and effect. Plaintiff Shane Ward owns all right, title, and interest to the '557 patent, including the right to sue for past, present, and future infringements.

8.  A true and correct copy of the ' 557 Patent is attached hereto marked Exhibit "A" and incorporated herein by reference.

## COUNT 1

9.  Shane Ward incorporates by reference the material factual allegations

set forth hereinabove.

10. A copy of the product made, used, sold and offered for sale is the Defendant's product commonly known as the Survivor X-23.

11. That Master Cutlery LLC, have infringed and are continuing to infringe the '557 Patent owned by the Plaintiff by engaging in acts including making, using, selling, or offering to sell within the United States, or importing in the United States products that embody the patented design and invention described and claimed in the '557 Patent.

12. Furthermore, Master Cutlery LLC has induced infringement of the '557 Patent and/or have committed acts of contributory infringement of the '557 Patent.

13. Master Cutlery LLC's activities have been without express or implied consent or license from Plaintiff Shane Ward.

14. That Mater Cutlery LLC will continue to infringe the Plaintiff's '557 Patent unless enjoined and restrained by this Court. As a result of Mater Cutlery LLC's infringing conduct, Shane Ward has suffered and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Shane Ward is entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

15. As a result of the infringement of the Plaintiff's '557 Patent, Shane Ward has been damaged, and will further be damaged and is entitled to be compensated for such damages, pursuant to 35 U.S.C., § 284 in an amount to be determined throughout discovery and at trial in this matter.

## COUNT 2 - WILLFUL INFRINGEMENT

16. Shane Ward incorporates by reference the material factual allegations set forth hereinabove.

17. Mastery Cutlery LLC's past and continuing infringement of the '557 Patent has been deliberate and willful. The conduct warrants an award of treble damages pursuant to 35 U.S.C. §284 and this is an exceptional case justifying an award of attorney's fees to Shane Ward pursuant to 35 U.S.C. § 285.

## JURY TRIAL DEMAND

18. Shane Ward demands a trial by jury on all appropriate issues.

## PRAYER FOR RELIEF

19. There upon, upon final hearing or trial, Plaintiff Shane Ward prays for the following relief:

a. A judgment that Master Cutlery LLC has infringed upon his patent that being '557 Patent;

b. A judgment and order permanently restraining and enjoining Master Cutlery LLC, their directors, officers, employees, servants, agents, affiliates, subsidiaries, others controlled by them, and all persons in active concert or participation with any of them, from further infringing the Plaintiff's patent;

c. A judgment and order requiring that Master Cutlery LLC to pay damages to Shane Ward adequate to compensate him for Master Cutlery LLC's wrongful and infringing acts in accordance with 35 U.S.C. §284, in excess of $75,000.00.

d. A judgment and order requiring that Master Cutlery LLC pay to Shane Ward increased damages up to three times, in view of the willful and deliberate infringement upon the Plaintiff's patent;

e. A finding in favor of Shane Ward that this is an exceptional case, under 35

U.S.C. § 285, and an award to Shane Ward of his costs, including its reasonable attorney's fees and other expenses incurred in connection with this action;

 f. A judgment and order requiring that Master Cutlery LLC pay to Shane Ward increased damages up to three times, in view o their willful and deliberate infringement upon the Plaintiff's patent;

 g. A finding in favor of Shane Ward that this is an exceptional case, under 35 U.S.C. § 25, and an award to Shane Ward of his costs, including his reasonable attorney's fees and other expenses incurred as a result of this action;

 h. A judgment and order requiring Master Cutlery LLC pay to Shane Ward pre-judgment interest under 35 U.S.C. §284, and post-judgment under 28 U.S.C. § 1961 on all damages awarded;

 i. Such other costs, fees, to which Shane Ward is entitled.

         FLOYD A. HEALY
         Attorney At Law
         #8 Shackleford Plaza, Suite 103
         Little Rock, AR 72211
         (501) 224-5551

         By: _____
          Floyd A. Healy, Bar No. 86086

US00D721557S

# (12) United States Design Patent
## Ward

(10) Patent No.: **US D721,557 S**
(45) Date of Patent: ** **Jan. 27, 2015**

(54) MULTI-USE TOOL

(71) Applicant: Shane Ward, Benton, AR (US)

(72) Inventor: Shane Ward, Benton, AR (US)

(**) Term: 14 Years

(21) Appl. No.: 29/465,134

(22) Filed: Aug. 23, 2013

(51) LOC (10) Cl. .................................. 07-99
(52) U.S. Cl.
     USPC .................................. D8/34
(58) Field of Classification Search
     USPC ........ D8/14, 16, 18, 19, 33, 43, 88, 89, 105,
              D8/107, 7/112, 113, 151, 156, 81/3.07,
              81/3.09, 3.2, 3.27, 3.29, 3.31, 3.35, 3.37,
              81/3.4, 3.48, 3.49, 3.55
     See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 960,624 A * | 6/1910 | Compton | | 15/105 |
| D201,710 S * | 7/1965 | Monek | | D8/19 |
| D278,405 S * | 4/1985 | Birchenall | | D8/34 |
| D300,715 S * | 4/1989 | Ragoonath | | D8/12 |
| D303,478 S * | 9/1989 | Wert | | D7/693 |
| D329,366 S * | 9/1992 | Ragoonath | | D8/76 |
| 5,251,352 A * | 10/1993 | Cullison | | 7/105 |
| 5,546,625 A * | 8/1996 | Mealey, Sr. | | 15/105 |
| D386,857 S * | 11/1997 | Lawrence | | D32/46 |
| 5,956,788 A * | 9/1999 | Henke | | 7/105 |
| D435,154 S * | 12/2000 | Garon | | D32/42 |
| D445,320 S * | 7/2001 | Abbott | | D8/14 |
| D450,994 S * | 11/2001 | Abbott | | D8/105 |
| 6,421,860 B1 * | 7/2002 | Abbott | | 7/105 |
| 6,427,274 B1 * | 8/2002 | Abbott | | 7/105 |
| D516,394 S * | 3/2006 | Chen | | D8/16 |
| D520,827 S * | 5/2006 | Denton | | D8/45 |
| D579,301 S * | 10/2008 | Jones | | D8/105 |
| D609,992 S * | 2/2010 | Delaney | | D8/105 |
| 7,818,843 B2 * | 10/2010 | Kinskey et al | | 7/105 |
| D670,057 S * | 10/2012 | DiMauro | | D32/46 |
| D691,773 S * | 10/2013 | Chen | | D32/46 |

* cited by examiner

Primary Examiner — Elizabeth Albert
(74) Attorney, Agent, or Firm — Joe D. Calhoun

(57) **CLAIM**

I claim the ornamental design of a multi-use tool, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a multi-use tool design
FIG. 2 is a right side elevation view of the multi-use tool of FIG. 1, the left side elevation view is a mirror image of the right side elevation view
FIG. 3 is a front elevation view of the multi-use tool of FIG. 1
FIG. 4 is a rear elevation view of the multi-use tool of FIG. 1
FIG. 5 is a top plan view of the multi-use tool of FIG. 1
FIG. 6 is a bottom plan view of the multi-use tool of FIG. 1.
FIG. 7 is a perspective view of an alternative multi-use tool design
FIG. 8 is a right side elevation view of the multi-use tool of FIG. 7, the left side elevation view is a mirror image of the right side elevation view
FIG. 9 is a front elevation view of the multi-use tool of FIG. 7
FIG. 10 is a rear elevation view of the multi-use tool of FIG. 7
FIG. 11 is a top plan view of the multi-use tool of FIG. 7, and
FIG. 12 is a bottom plan view of the multi-use tool of FIG. 7.

**1 Claim, 8 Drawing Sheets**

EXHIBIT _A_



FIG. 1



FIG. 2



FIG. 3           FIG. 4



FIG. 5



FIG. 6



FIG. 7



FIG. 8



FIG. 9    FIG. 10



FIG. 11



FIG. 12